Manly, J.
 

 We have examined this case and do not find any error in the proceedings below. The new trial, granted at the September term, 1859, was not upon a condition precedent. The words used are not so interpreted ordinarily.
 

 In the case of
 
 Spencer
 
 v. Cahoon, 1 Dev. and Bat. 27, it was held that a.grant of administration,
 
 upon giving bond
 
 in the sum of $4000, with J. B. and W. S. as sureties, was a valid grant of administration, although it was not stated on the record that the administrator gave bond and was properly qualified. The want of such a statement might render the grant defective and authorise the countjr court to annul it, but until that is done, the grant must be respected as valid by the courts.
 

 So, we hold that the grant of a new trial was valid-, unless the Court, insisting upon the payment of costs as a condition, should, during the term, revoke the order and .give judgment upon the verdict. Suffering the term to expire with the oi’der in the condition in which we find it, and no judgment upon the verdict, in effect, gives a new trial irrevocably. A different interpretation of the woi’ds of the order, would bo inconvenient, if not impracticable.
 

 We do not think there is any 'ei’ror in the action of the Court below, upon the rule for security. The power of the Court, sitting in the fall term, to make an order of this -kind, to be carried into effect at the subsequent term, unconditionally .and without power of modification, is not admitted. It is of
 
 *541
 
 the nature of such orders too, that they are, at all times,, “subject to be modified to meet the exigencies of the case.. The Court sitting in the spring had the unquestionable right to enlarge the rule for security on Monday, if the subject had been called to the attention of the Court. And so we hold on Tuesday the Court might enlarge the rule, as of the day before, and allow the security to be putin then. This is what the Court did in substance; 2 Tidd. 769.
 

 ■ There is no error in the orders appealed from, and this opinion should be certified to the Superior Court of Pitt, to the end it may proceed.
 

 Per Curiam,
 

 Judgment affirmed.*